IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARINA V. KARAKOZOVA, PH.D., | : | CIVIL ACTION |
| | : | NO. 09-02564 |
| v. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA | : | |
| | : | |

O'NEILL, J.                                                                                                SEPTEMBER 28, 2010

## **MEMORANDUM**

Plaintiff Marina V. Karakozova, Ph.D. filed a pro se[1] complaint against defendant the Trustees of the University of Pennsylvania, her former employer, asserting claims for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and 42 U.S.C. § 1983 on July 20, 2009. Defendant now seeks to compel plaintiff to provide responses to its written discovery requests and to appear for her deposition.

Defendant served plaintiff with interrogatories and document requests on October 2, 2009. After plaintiff failed to respond in a timely fashion, on November 19, 2009 defendant filed a motion to compel her responses. I denied defendant's motion without prejudice to renewal given that the Clerk of Court was attempting to secure counsel for plaintiff. On January 15, 2010, I entered a stay of discovery pending a determination as to whether plaintiff could secure counsel. After plaintiff failed to obtain representation or to pursue her claims, on June 30, 2010,

---

[1] Pro se plaintiffs are held to less stringent standards in pleadings and procedure than are plaintiffs who are represented. See, e.g., Warren v. Correctional Physicians Service, No. 94-6562, 1995 WL 134808, at * 2 (E.D. Pa. Mar. 29, 1995), citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

I entered an order dismissing her complaint without prejudice for lack of prosecution. Following plaintiff's response to the dismissal order, I vacated the dismissal on July 16, 2010, reinstated the case and established an October 15, 2010 discovery cutoff date.

After I reinstated plaintiff's complaint, defendant contacted plaintiff to request that she: (a) respond to its prior written discovery requests by August 3, 2010 and (b) supply defendant with dates on which she could appear for a deposition at defense counsel's office in Radnor, Pennsylvania. Plaintiff responded to defendant on July 30, 2010, stating that she would "do [her] best" to respond to its discovery requests, and noting that she did "not want to speculate will I complete response til August 3, 2010 or not." Plaintiff further stated that she would not deny defendant's request for a deposition but that she did "not think that place is convenient to [her]" and that she "would say that Pittsburgh, State of Pennsylvania will be appropriate and convenient place for Plaintiff. So, please start thinking about it." See Def.'s Ex. D.

On August 10, 2010, having received no further response to its discovery requests, defendant again requested that plaintiff serve written discovery responses by August 20, 2010. Defendant further suggested that if plaintiff did not wish to appear for a deposition at the office of defense counsel, that she instead appear for a deposition at the U.S. District Court for the Eastern District of Pennsylvania. See Def.'s Ex. E. Plaintiff responded on August 23, 2010, stating that she "cannot predict when [she] will finish [her discovery responses], but that [she] will do it as soon as [she can]." See Def.'s Ex. F. Although she noted that she "underst[oo]d that it is permissible that Defendant requires [her] attendance at the deposition in the Eastern District of Pennsylvania," she did not provide any dates on which she might be available for such a deposition and noted that defendant should seek a time and place for the deposition in

Pittsburgh. Id. Accordingly, defendant filed the instant motion to compel on August 26, 2010.

In her response to defendant's motion to compel, plaintiff asserts that she "keeps her promise to provide response to Defendant's discovery requests as soon as she can" and that "at this time Defendant should receive response to First Request for Production of Documents and First Set of Interrogatory." See Pl.'s Br. at 5-6. In support of her assertion, plaintiff attaches a copy of a transmittal letter to defendant purportedly enclosing copies of her responses to defendant's discovery requests.[2] See Pl.'s Exh. 8. Accepting as true plaintiff's representation that she served defendant with responses to its written discovery requests, I will deny defendant's motion to compel plaintiff's responses to its discovery requests as moot.

I will grant defendant's motion to compel plaintiff's deposition for the reasons that follow. Under the Federal Rules of Civil Procedure the location of a deposition is first left to the party noticing the deposition. Fed. R. Civ. P. 30(b)(1). Where defendant has requested that plaintiff appear for her deposition within the forum district in which she has chosen to file suit, she must appear for her deposition absent a showing of unreasonable hardship or exceptional circumstances. See, e.g., Sampathachar v. Federal Kemper Life Assurance Co., Civ. A. No. 03-5905, 2004 WL 2743589 at *1 (E.D. Pa. Nov. 24, 2004) ("Normally, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought because the plaintiff selected the forum."); Philadelphia Indem. Ins. Co. v. Federal Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. 2003) ("Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location."); Hart v. Simons, 29 F.R.D. 146, 147 (E.D.Pa. 1961) ("a

---

[2] Plaintiff's actual discovery responses were not included as an exhibit to her brief.

non-resident plaintiff who elects to sue in a foreign forum is required to make himself available to examination for discovery purposes in such forum in the absence of a showing of unreasonable hardship or the presence of exceptional circumstances"); Aerocrine AB v. Apieron Inc., 267 F.R.D. 105, 112 (D. Del. 2010) ("Generally, officers, directors, and managing agents of a plaintiff are expected to be deposed within the forum district in which the plaintiff has chosen to file suit."). Plaintiff fails to establish why her appearance for a deposition in the Eastern District of Pennsylvania would subject her to unreasonable hardship. See, e.g., McGinley v. Barratta, No. 06-510, 2006 WL 2346301, at *2 (E.D. Pa. Aug. 11, 2006) (denying plaintiffs' request to appear for a deposition by telephone where "[p]laintiffs have not shown why the inconvenience and expense for them in this case is any greater than it would be in the majority of cases which form the general rule . . . that a plaintiff is expected to appear for deposition in the forum he or she selected"). In her response to defendant's motion to compel, plaintiff alleges only that "the counsel of Defendant would like to use financial bludgeon and obligate plaintiff to ride over one hundred miles (according to MapQuest, a little over 300 miles), and presumably stay several days." Pl.'s Br. at 7. Plaintiff's unsubstantiated averment of financial hardship is insufficient to establish that she will suffer an unreasonable hardship by complying with defendant's request that she appear for a deposition in the forum in which she commenced her action. Harris v. NCO Fin. Sys., No. 07-5546, 2009 WL 497408, at *1-2 (E.D. Pa. Feb. 25, 2009). Accordingly, plaintiff shall appear for her deposition at the U.S. District Court for the Eastern District of Pennsylvania within 30 days from the date of the attached Order. Plaintiff's failure to appear will result in dismissal of this action.