IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARINA V. KARAKOZOVA, PH.D., | : | CIVIL ACTION |
| | : | NO. 09-02564 |
| v. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA | : | |
| | : | |

O'NEILL, J.                                                                                  January 21, 2011

## MEMORANDUM

On July 20, 2009, plaintiff Marina V. Karakozova, Ph.D., pro se,[1] filed a complaint alleging discrimination based on national origin and whistleblower retaliation and asserting claims against defendant the Trustees of the University of Pennsylvania, her former employer, for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Now before me are plaintiff's Motion to Compel Discovery Responses and Motion for Sanction.[2] Decisions on discovery matters are generally within the discretion of the district court. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir.1987). For the reasons that follow, I will deny plaintiff's motions.

In her Motion to Compel, plaintiff asks that defendant be required to produce electronically stored information in its native format. Pursuant to Federal Rule of Civil

---

[1] Pro se plaintiffs are held to less stringent standards in pleadings and procedure than are plaintiffs who are represented. See, e.g., Warren v. Correctional Physicians Service, No. 94-6562, 1995 WL 134808, at * 2 (E.D. Pa. Mar. 29, 1995), citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

[2] Plaintiff also filed a "Motion to Leave to File Discovery Paper" [sic], seeking leave to attach defendant's responses and objections to her first request for production of documents as an additional exhibit to her motion to compel. I will grant plaintiff's motion to attach this document to her brief.

Procedure 34(b)(1)(C) a request for production of documents "may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(C). Although plaintiff's requests for production of documents do not specify a format for the requested documents, in a July 30, 2009 letter to defendant plaintiff advised defendant that "all Electronic Stored Information . . . should be provided in native and readable format." Pl.'s Mot., Ex. 6, p. 2. Defendant now represents that the only documents stored electronically that are relevant to this matter are emails that will be produced to Plaintiff in their native format. Defendant asserts that efforts to obtain electronic versions of any other documents would be "exceptionally burdensome and duplicative."

Federal Rule of Civil Procedure 26(b)(2)(C) allows me to limit discovery permitted under the Rules where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive" and when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C); see also Covad Communcn's Co. v. Revonet, Inc., 267 F.R.D. 14, 20 (D.D.C. 2010) (holding that "it is not in the interest of judicial expediency to send defendant's counsel on what may be a futile task to find the origins of hard copy documents that have already been produced in a usable format" where plaintiff "does not offer a word as to why it needs native format to analyze and use the [information] it already has"). Plaintiff has not supplied any reason tending to show that metadata associated with any documents that defendant does not intend to provide in native format would yield some answer that would not be provided by previously produced hard copies

of the documents. Accordingly, I find that defendant has fulfilled its obligation with respect to the production of electronically stored information.

Plaintiff also asserts that the documents produced by defendant were not sufficiently organized. Defendant is not obligated to organize documents produced to correspond with the categories identified in plaintiff's discovery requests. Instead, "[a] party must produce documents as they are kept in the usual course of business <u>or</u> must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). Defendant represents that its documents have been produced as they are kept in the usual course of business. Absent evidence to the contrary, I find that defendant has fulfilled its obligation to plaintiff with respect to the organization of the documents produced. See <u>Directory Dividends, Inc. v. SBC Communic'ns, Inc.</u>, No. 01-CV-1974, 2003 WL 23208804, at *1 (E.D. Pa. Dec. 31, 2003) (declining to require that plaintiff "indicate for each produced document the document request to which it is responsive"); <u>In re G-I Holdings Inc.</u>, 218 F.R.D. 428, 440 (D.N.J. 2003) (finding document "production [was] appropriately responsive because the documents were produced as they are kept in the regular course of business").

Plaintiff also contests the completeness of certain of defendant's responses to her document requests. In particular, plaintiff challenges defendant's response to her document request number 5, seeking a letter from plaintiff to the provost, vice provost for research dated October 17, 2006. In response to request number 5, defendant represents that the requested document does not exist and suggests that the document sought by plaintiff is instead an October 16, 2006 email from plaintiff to the provost, a document already provided to plaintiff. Plaintiff cites no evidence that would contradict defendant's assertion that the requested document does

not exist. I find that defendant's response to plaintiff's request number 5 is sufficient.

Plaintiff also challenges defendant's response to her document request number 11, seeking any and all lab journals, notebooks and diaries maintained by plaintiff, Ms. Rai and Dr. Kashina between October 1, 2004 and January 1, 2010. Plaintiff's request encompasses notebooks maintained during a period of three full years following plaintiff's termination. Defendant objects that the documents sought are irrelevant to plaintiff's claim of national origin discrimination and further that they contain proprietary and confidential information.

I will not require defendant to respond to plaintiff's request number 11 as written as it is overbroad and not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However to the extent that discovery of certain information contained in the lab journals maintained by plaintiff during her tenure at the University of Pennsylvania may lead to admissible evidence relevant to her claim that she was terminated based on her national origin and not for her poor performance and violation of defendant's policies, plaintiff may serve one <u>specific and narrowly tailored</u> document request on defendant by January 28, 2011. If served with such a request, defendant shall respond by February 14, 2011.

Finally, in her Motion for Sanction, plaintiff seeks to have Veritext Corporate Services, a company retained by defendant to record her deposition, ordered to provide her with an audio recording of her deposition together with her deposition transcript and seeks sanctions against defendant. "Audio tapes that merely back up a court reporter's stenographic record are personal property of the court reporter and are not considered part of the judicial record 'unless some reason is shown to distrust the accuracy of the stenographic transcript.'" <u>U.S. v. Brown</u>, No. 1:06-CR-23-TS, 2008 WL 4247561, at *3, <u>quoting</u> <u>Smith v. U.S. Dist. Ct. Officers</u>, 203 F.3d

440, 442 (7th Cir. 2000). Because plaintiff admits that she has not reviewed the stenographic transcript, she cannot establish a reason to distrust its accuracy. Further, she has not demonstrated any basis for sanctioning defendant.

      An appropriate Order follows.