IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARINA V. KARAKOZOVA, PH.D., | : | CIVIL ACTION |
| | : | NO. 09-02564 |
| v. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA | : | |

O'NEILL, J.                                                                                              March 24, 2011

# MEMORANDUM

On January 14, 2011, defendant The Trustees of the University of Pennsylvania filed a motion for summary judgment in this action. Pursuant to my Order of January 21, 2011 pro se plaintiff Marina V. Karakozova, Ph.D. was to respond to defendant's motion by February 14, 2011. Plaintiff did not file a timely response. Instead, on March 1, 2011 she filed a "Motion to Strike Verified Statement of Dr. Anna Kashina and Motion for More Definite Statement."[1] I will deny plaintiff's motions for the reasons that follow.

Plaintiff argues that Dr. Kashina's verified statement, which defendant uses to support its motion for summary judgment, should be stricken because defendant failed to serve her with initial disclosures identifying Dr. Kashina as a potential witness. Rule 37(c) of the Federal Rules of Civil Procedure provides that if a party fails to identify a witness in its initial disclosures, it

---

[1] Plaintiff is advised that the argument contained in her "Motion to Strike Verified Statement of Dr. Anna Kashina and Motion for More Definite Statement" is not sufficient to warrant denial of defendant's pending motion for summary judgment. "[A] plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid a motion for summary judgment." Solomon v. Soc'y of Auto. Eng'rs. 41 Fed. App'x 585, 586 (3d Cir. 2002); see also Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989) (holding that in order to overcome a summary judgment motion a party must raise "more than a mere scintilla of evidence in its favor").

should be precluded from using that witness to supply evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[A] failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witnesses and the scope of the relevant knowledge well before trial." Cobb v. Philadelphia Gas Works, No. 01-4937, 2004 WL 764783, at *4 (E.D. Pa., Mar. 31, 2004) (citations omitted); see also Hadley v. Pfizer Inc., No. 08-1440, 2009 WL 1597952, at *3 (E.D. Pa. Jun. 5, 2009) (finding plaintiff's failure to disclose witnesses as individuals with relevant or discoverable information in accordance with Rule 26 was harmless where plaintiff identified witnesses during the discovery period). Plaintiff's own complaint and her own initial disclosures identified Dr. Kashina as a person with knowledge of circumstances relevant to plaintiff's claims. Defendant's failure to timely serve plaintiff with initial disclosures identifying Dr. Kashina is harmless and cannot serve as a basis for the exclusion of her verified statement.

Plaintiff also seeks a "more definite statement" of defendant's motion for summary judgment pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. I will deny plaintiff's request because "Rule 12 applies only to pleadings, not to motions." Marcello v. Maine, 489 F. Supp. 2d 82, 85 (D. Me. 2007). "A motion for summary judgment is not a pleading within the meaning of Rule 12(e) and, therefore, a motion for more definite statement is not a cognizable response to such a motion." Id.; see also GRS Dev. Co. v. Jarrett, No. 596-2001, 2003 WL 21134437, at *3 (D.V.I. Apr. 10, 2003) (denying motion to strike response to motion for summary judgment on the basis that a motion for summary judgment is not a pleading); Fed. R. Civ. P. 7(a) (defining a pleading as a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and, in some circumstances, a

reply to an answer or third-party answer).

An appropriate Order follows.