IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARINA V. KARAKOZOVA, PH.D., | : | CIVIL ACTION |
| | : | NO. 09-02564 |
| v. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA | : | |
| | : | |

O'NEILL, J.                                                          August 2, 2011

## MEMORANDUM

Now before me are four motions for correction of errors pursuant to Rule 60(a) of the Federal Rules of Civil Procedure filed by plaintiff Marina V. Karakozova, Ph.D., appearing pro se.  For the reasons that follow, I will deny each of plaintiff's motions.

### STANDARD OF REVIEW

Rule 60(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."  Fed. R. Civ. P. 60(a). Rule 60(a) "encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment."  Pfizer Inc. v. Uprichard, 422 F.3d 124, 129-30 (3d Cir. 2005) (citation and quotations omitted).  "Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case.  It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a)."  Id., quoting In re W. Tex. Mktg., 12 F.3d 497, 504-05 (5th Cir. 1994).

**DISCUSSION**

I.      **Motion for Correction of Errors Arising in the Civil Document Regarding
        Documents Numbers 17, 21, 23, 26, 29, 32, 37, 38, 41, 50, 51, 56, 57, 58, 61, 63, 67, 68.**

        Plaintiff contends that the record of service on the docket for the above referenced

documents is "stated incorrectly."  The docket entry for each of these documents, which are

Opinions or Orders of the Court, states that the document was "ENTERED AND COPIES

MAILED TO PRO SE AND E-MAILED."  Plaintiff asserts that she "did not receive service

copies of court's papers via e-mail" and appears to understand the docket notations to mean that

copies of the documents were mailed <u>and</u> emailed to her.  Instead, the docket notations indicate

that copies of the documents were sent to pro se plaintiff by mail only and were sent to defendant

by e-mail only.

        Pursuant to the Court's order of July 29, 2009 (Document 12), Plaintiff received

permission to register as an ECF Filing User solely for purposes of this action so that she could

receive electronic notification of activity in the case.[1]  The Order directed the Clerk of Court to

"to sen[d] to plaintiff a notification of case activity request form" and directed plaintiff to submit

the completed form to the address listed on the form.  For reasons unknown to the Court plaintiff

did not register as an ECF Filing User.[2]  Therefore, in accordance with Local Rule of Civil

---

        [1]      Local Rule 5.1.2(4)(b) provides in relevant part that "[u]pon approval of the
judge, a party to a case who is not represented by an attorney may register as an ECF Filing User
in the ECF system solely for purposes of the action.  Registration is in a form prescribed by the
clerk of court and requires identification of the case as well as the name, address, telephone
number and Internet e-mail address of the party."

        [2]      Plaintiff has not provided the Court with evidence that she completed the form
required to register as an ECF Filing User.

Procedure 5.1.2(8)(c),[3] the Clerk's office continued to send plaintiff paper copies of court orders and opinions while defendant was served with the documents by email in accordance with Local Rule of Civil Procedure 5.1.2(8)(f).[4]  I find that there are no errors to correct with respect to the docket entries for the above referenced documents.

## II.     Motion for Correction of Errors Arising In Document Number 70: "Notice of Appeal"

Plaintiff contends that her Notice of Appeal was erroneously filed on June 9, 2011. Plaintiff asserts that she sent the notice of appeal to the Court via FedEx Ground on June 6, 2011. She argues that her Notice of Appeal was delivered to the Court on June 8, 2011 and that it should have been docketed on June 8, not June 9.[5]  As evidence of the alleged clerical error, she cites a FedEx delivery confirmation that indicates that a package was delivered to Philadelphia and signed for by "MWALCHECK" on June 8, 2011 at 3:23 p.m.  Plaintiff contends that this package contained her Notice of Appeal.  However, her evidence supports a conclusion only that a delivery was made to Philadelphia on June 8, 2011 at 3:23 p.m.  The evidence she has produced

---

[3]     Local Rule 5.1.2(8)(c) provides that "[p]arties who have not consented to electronic service are entitled to receive a paper copy of any electronically filed pleading or other document.  Service of such paper copy must be made according to the Federal Rules of Civil Procedure . . . and the Local Rules of the Eastern District of Pennsylvania."

[4]     Local rule 5.1.2(8)(f) provides that "[i]n accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the court may serve notice of entry of orders or judgments by electronic means as provided in Rule 5(b) and Section 4 of this Procedural Order."  The rule does not mandate service by electronic means on parties who are not registered ECF Filing Users.

[5]     I granted summary judgment in favor of defendant on May 9, 2011.  Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal "must be filed within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A). June 8, and not June 9, is 30 days from the date on which I granted summary judgment in favor of defendant.  Understandably, plaintiff wants the docket to reflect June 8, 2011 as the date on which her notice of appeal was filed.

does not support a conclusion that the June 8 delivery actually contained her Notice of Appeal.

Indeed, it does not even provide confirmation that the package in question was delivered to the

Court.  Further, there is no evidence that the June 8 delivery confirmation does not instead

pertain to plaintiff's Motion for a New Trial which was filed with the Court on June 8.[6]

I find that plaintiff has not supplied the Court with credible evidence that the Clerk's

office made any mistake in filing the Notice of Appeal on June 9.  Cf. United States v. Campbell,

771 F. Supp. 2d 1 (D.D.C. 2011) (denying plaintiff's motion under Rule 60(a) where, as evidence

of the alleged clerical error, plaintiff produced a copy of a FedEx tracking report which did not

include a sender's name or a destination address and indicated only that "something sent by

someone was shipped from" California to Washington, D.C.).  Absent any evidence of a mistake,

I will deny plaintiff's Rule 60(a) motion with respect to her Notice of Appeal.

### III.   Motion for Correction of Errors Arising In Document Number 69: "Motion for New Trial"

Plaintiff also contends that the her Motion for a New Trial was erroneously filed on June

8, 2011.[7]  She asserts that she sent the Motion for a New Trial to the Court on June 5, 2001,

---

[6]      Indeed, the ECF notice regarding the filing of plaintiff's Motion for a New Trial was issued at 4:34 p.m. on June 8, just over an hour after the delivery of the package for which plaintiff has a FedEx delivery confirmation.

[7]      Plaintiff's concern about the filing date for her Motion for a New Trial is understandable.  As discussed supra, plaintiff's Notice of Appeal was filed 31 days after the date on which I entered summary judgment – outside of the time set forth for an appeal in Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.  Therefore, in order for plaintiff's appeal to proceed, she must qualify for an exception to the thirty day filing rule set forth in Rule 4(a)(4), which provides, in relevant part, that "[i]f a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (iv) to alter or amend the judgment under Rule 59; (v) for a new trial under Rule 59. . . ."  Fed. R. App. P. 4(a)(4)(A)(v) (emphasis added).  Because no trial ever took place in this action, plaintiff's

-4-

introducing a copy of a FedEx Order Form bearing that date.  However, plaintiff has not

produced any evidence to support a conclusion that June 8 was not the actual date of delivery of

her Motion for a New Trial.  Instead, she argues that the Court must prove that her motion was

received on June 8, 2011.  Pl's. Br. at 3 n.2.  I find that plaintiff has not supplied the Court with

credible evidence that the Clerk's office made any mistake in filing her Motion for a New Trial

on June 8.  Absent any evidence of a mistake, I will deny her Rule 60(a) motion.

## IV.   Motion for Correction of Errors Arising In Documents No. 57 "Memorandum" and No. 67 "Memorandum"

Plaintiff asks that I "correct" documents 57 and 67, in which I wrote that "pursuant to my

order of January 21, 2011" plaintiff "was to respond to defendant's motion [for summary

judgment] by February 14, 2011.  Plaintiff contends that "the Court baselessly blamed Pro Se

Plaintiff for failure to obey the order," as the January 21, 2011 Order "does not speak about [a]

deadline for response."  Pl.'s Br. at 1-2.  The "errors" alleged by plaintiff are not the sort of

clerical errors that Rule 60(a) was designed to correct.  Further, even if I were to construe

plaintiff's motion as having been brought under Rule 60(b), which allows the Court to "relieve a

party . . . from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable

---

motion is more appropriately construed as a motion to alter or amend a judgment pursuant to
Rule 59(e) of the Federal Rules of Civil Procedure.  To have been be timely filed, plaintiff's
motion must have been "filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P.
59(b), (e).  The 28 day time frame set forth in Rules 59(b) and (e) cannot be enlarged pursuant to
Rule 6(e) of the Federal Rules of Civil Procedure.  See Albright v. Virtue, 273 F.3d 564, 567 (3d
Cir. 2001).  The filing date for plaintiff's Motion for a New Trial is June 8, 30 days after I
granted summary judgment in favor of defendant.  I leave it to the Court of Appeals to decide
whether plaintiff's Motion for a New Trial can serve to extend the time for filing of her Notice of
Appeal under Rule 4(a)(4) of the Federal Rules of Civil Procedure.  Cf. Lizardo v. United States,
619 F.3d 273, 280 (3d Cir. 2010) (finding that "an untimely Rule 59(e) motion . . . does not toll
the time to file a notice of appeal under Rule 4(a)(4)").

neglect . . .  or (6) any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), I would still

deny her motion.  Plaintiff has not proven the extraordinary circumstances that would warrant

relief under Rule 60(b)(6).  Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir.2008) ("A

party seeking Rule 60(b)(6) relief must demonstrate the existence of extraordinary circumstances

that justify reopening the judgment.").  Nor has she established a basis for relief under Rule

60(b)(1).

Even if there was an error in documents 57 and 67 in that my Order of January 21 did not

explicitly set forth February 14 as the initial deadline for her response to defendant's motion for

summary judgment, any such error was harmless.  Plaintiff was otherwise afforded with ample

notice of her obligation to respond to defendant's motion and of my intent to rule on the motion

before I issued my ruling on May 9, 2011, a full three months and twenty-five days after

defendant filed the motion.

On October 27, 2010, I ordered that the parties were to file dispositive motions on or

before January 14, 2011, and that responses to any dispositive motions were to be filed on or

before February 14, 2011.[8]  Defendant filed its motion for summary judgment on January 14,

2011.  On January 21, 2011, I issued an Order allowing plaintiff an opportunity to serve on

defendant one specific and narrowly tailored document request by January 28, 2011.  My Order

also provided defendant with an opportunity to amend its pending motion for summary judgment

in the event defendant found that amendment was warranted following its response to any such

---

[8]     My deadline for a response provided plaintiff with more time than she would have
been afforded under Local Rule of Civil Procedure 7.1(a), which provides that "in the case of a
motion under Fed. R. Civ. P. . . . 56, the opposing party shall respond within twenty-one (21)
days."

request by plaintiff.  The Order did not otherwise modify any deadlines in the case.  Thereafter, plaintiff requested additional time to serve a document request.  I granted her request for an extension on January 31, 2011 and ordered her to serve any such request on defendant by February 28, 2011.  Plaintiff did not serve any such request on defendant.  Accordingly, defendant did not exercise its option to file an amendment to its pending motion for summary judgment.

On March 1, 2011, instead of filing a response to the still-pending motion for summary judgment, plaintiff filed a "Motion to Strike Verified Statement of Dr. Anna Kashina and Motion for More Definite Statement."  On March 24, 2011, I denied plaintiff's motion to strike.  I noted that the argument contained in plaintiff's motion to strike was not sufficient to warrant denial of defendant's motion for summary judgment.  I informed plaintiff that unless she filed a response to defendant's pending motion for summary judgment by April 18, 2011, I would consider and decide the motion for summary judgment without the benefit of a response.

On April 18, plaintiff filed a request seeking an extension of time by which to respond to defendant's motion for summary judgment.  On April 25, I denied her request for additional time finding that plaintiff had ample time to prepare and file a response to defendant's motion.  I again informed plaintiff that unless she filed a prompt response to defendant's motion for summary judgment, I would consider and decide defendant's motion without the benefit of her response.  Plaintiff did not file a response to defendant's motion, instead filing a "motion for correction of errors" on April 26 and, on May 4, a "motion for clarification" of my Order of April 25.

Regardless of the language contained in documents 57 and 67, plaintiff should have been

fully cognizant of her obligation to file a response to defendant's motion for summary judgment.[9]

I will therefore deny her motion to correct documents 57 and 67.

       An appropriate Order follows.

---

[9]      "Pro se plaintiffs cannot be held to the same strict standards as attorneys, but they also cannot be excused from compliance with the plain text of the federal rules and court orders . . . ." Palmer v. Security Nat. Bank, No. 00-287, 2001 WL 877584, at *3 (E.D. Pa. June 13, 2001). "[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Frazier v. DiGuglielmo, No. 06-4186, 2007 WL 2254411, at *1 (E.D. Pa., Aug. 3, 2007), quoting Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995). "Although courts are encouraged to be more lenient when a litigant proceeds pro se, . . . courts should not allow pro se litigants to disregard court orders and perpetually delay trial proceedings." Karakozova v. Univ. of Pitt., No. 09-458, 2010 WL 3829646, at *4 (W.D. Pa., Sep. 24, 2010) (citations omitted).