IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARINA V. KARAKOZOVA, PH.D.,  :    CIVIL ACTION
              :    NO. 09-02564
  v.           :
              :
THE TRUSTEES OF THE UNIVERSITY :
OF PENNSYLVANIA       :
              :

FILED

AUG 2 4 2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

By my Order of May 9, 2011, I granted summary judgment in this action to defendant

The Trustees of the University of Pennsylvania. (Dkt. No. 68.) On June 9, 2011, plaintiff

Marina V. Karakozova, Ph.D., appearing pro se, filed a notice of appeal from the May 9

judgment with the United States Court of Appeals for the Third Circuit. (Dkt. No. 70.) In

Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), the United States Supreme

Court held that

> a federal district court and a federal court of appeals should not
> attempt to assert jurisdiction over a case simultaneously. The
> filing of a notice of appeal is an event of jurisdictional significance
> – it confers jurisdiction on the court of appeals and divests the
> district court of its control over those aspects of the case involved
> in the appeal.

Plaintiff now moves for my recusal under 28 U.S.C. § 455.[1] The substance of plaintiff's

---

[1]   Under section 455(a), a judge "shall disqualify himself in any proceeding in which
his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A party seeking to
disqualify a judge under section 455(a) need not show actual bias but instead the movant must
demonstrate the appearance of impropriety where "a reasonable person, knowing all of the
circumstances, would harbor doubts as to the judge's impartiality." Cooney v. Booth, 262 F.
Supp. 2d 494, 504 (E.D. Pa. 2003), citing In re Prudential Ins. Co. of Am., 148 F.3d 283, 343 (3d
Cir. 1998). "[I]n a recusal determination under § 455, the court need not accept the movant's
allegations as true. . . . Instead, the court may contradict the movant's factual allegations with
facts from the judge's knowledge and the record." Waris v. HCR Manor Care, No. 07-3344,
2008 WL 5352278, at *5 (E.D. Pa. Dec. 17, 2008), citing Cooney, 262 F. Supp. 2d at 504.

motion for recusal involves aspects of her case that are involved in her appeal, including the

Court's consideration of the verified statement of Dr. Anna Kashina submitted by defendant in

support of its motion for summary judgment. Because plaintiff's recusal motion "raises the

'prudential considerations' that the Griggs rule was designed to address – 'the confusion and

inefficiency that would result if both the district court and the court of appeals were adjudicating

the same issues simultaneously,'" Wells v. Varner, No 03-727, 2009 WL 384568, at *7 (E.D. Pa.

Feb. 17, 2009), quoting Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988), this

Court lacks jurisdiction to rule on the motion and it is DISMISSED on that ground.  In the event

that the Court of Appeals remands plaintiff's case to my jurisdiction, plaintiff may file a renewed

motion for my recusal.

Under the limited exceptions to Griggs recognized by the Court of Appeals, the District

Court retains jurisdiction to correct clerical mistakes.  Sheet Metal Workers' Int'l Assoc. Local

19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999).  On this basis I entertained four

motions for correction of errors filed by plaintiff after she filed her notice of appeal.  (Dkt. Nos.

72, 73, 75, 76.)  On August 2, 2011, I issued an Order denying plaintiff's motions for correction

of errors.  (Dkt. No. 78.)  Plaintiff now moves for reconsideration of this Order arguing, inter

alia, that the Court's "explanation of reason [sic] why [it] did not grant the motions demonstrated

judicial *Théâtre de l'Absurde*."  Pl.'s Br. at 3.  Plaintiff's "[d]issatisfaction with the Court's

ruling is not a proper basis for reconsideration." Roofers Local No. 30 Combined Pension Fund

v. D.A. Nolt, Inc., 719 F.Supp.2d 530, 554 (E.D. Pa. 2010), citing Glendon Energy Co. v.

Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

A party seeking reconsideration may prevail if it can establish "(1) an intervening change

in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Plaintiff's motion for reconsideration of my Order of August 2, 2011 does not identify a change in controlling law, newly available evidence, or an error of law or fact that would reasonably result in a different outcome and is therefore DENIED.

Plaintiff is advised that until the Court of Appeals for the Third Circuit reaches a decision with respect to her appeal of the Court's grant of summary judgment to defendant, this Court will take no further action on any motion for reconsideration or "clarification" of Orders previously issued in this action.

SO ORDERED, this 24 day of August, 2011.

_____
THOMAS N. O'NEILL, JR., J.